RANDALL S. LUSKEY (SBN: 240915)
    rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice forthcoming*)
    ratkins@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3183
Facsimile: (212) 492-0183

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.; and RASIER, LLC

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| KATHERINE HYLIN, an individual<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., a Delaware Corporation; RASIER, LLC, a Delaware Limited Liability Company; and DOES 1 through 50, Inclusive.<br><br>Defendants. | Case No. 3:23-cv-01630-AMO<br><br>**DEFENDANT UBER TECHNOLOGIES, INC. AND RASIER, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS**<br><br>Date:   November 30, 2023<br>Time:   2:00 p.m.<br>Courtroom:  10 – 19th Floor<br><br>Action Filed:  April 5, 2023<br>Trial Date:    None Set |

## I.    INTRODUCTION

There is no reason to stay this case pending a decision of the United States Judicial Panel on Multidistrict Litigation ("JPML") on Plaintiff's motion to transfer this and other actions to coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407 (the "MDL Motion"). Plaintiff seeks to stay this action for the sole purpose of delaying resolution of Uber Technologies, Inc. and Rasier, LLC's (collectively, "Uber") motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and motion to transfer venue under 28 U.S.C. § 1404(a), both of which were filed on June 5, 2023.  Uber respectfully requests that this Court deny Plaintiff's motion because a stay would not promote judicial economy and would prejudice Uber, while Plaintiff will suffer no hardship or inequity without a stay.

## II.    BACKGROUND

This action was filed on April 5, 2023 and Defendants were served on April 12, 2023. Since that time, the parties agreed to extend Uber's time to respond to Plaintiff's complaint.  ECF No. 15.  On June 5, 2023, Uber timely filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and a motion to transfer venue under 28 U.S.C. § 1404(a).  ECF No. 20, 23. The parties then agreed to extend Plaintiff's time to respond to Uber's motions until August 4, 2023. ECF No. 26.  The Court so-ordered the stipulation.  ECF No. 27.

On July 14, 2023, Plaintiff and other individuals represented by Plaintiff's counsel moved to transfer twenty-two cases, including this one, for coordinated or consolidated pretrial proceedings in a multidistrict litigation ("MDL") in the Northern District of California.  *In re: Uber Technologies, Inc., Passenger Sexual Assault Litig.*, MDL No. 3084, Dkt. No. 1 (July 14, 2023).  The MDL Motion will most likely be scheduled for hearing on September 28, 2023, the next available date on the JPML's hearing calendar.

Meanwhile, Plaintiff's counsel asked Uber to stipulate to a blanket stay of this and other actions involving Plaintiff's counsel pending the outcome of the MDL Motion.  Uber's counsel indicated that Uber was not prepared to agree to an indefinite stay of all deadlines until after the JPML acts.  But in the spirit of the parties' ongoing informal coordination regarding filing deadlines, Uber offered Plaintiff's counsel extensions in any cases in which she had upcoming

deadlines - - which included her August 4, 2023 deadline to oppose Uber's motions in this case - - while the parties continued discussing a workable solution that accommodates Plaintiff's counsel's desire for more time.  Rather than accept this offer, Plaintiff filed the instant motion on July 27, 2023, days before her response to Uber's motion to transfer came due.  ECF No. 30.  On July 27, 2023, she also moved this Court to expedite hearing on the motion, requesting a hearing on August 4, 2023, the day her responses to Uber's motions are due.  ECF No. 31.

## III.    ARGUMENT

The filing of an MDL motion alone is not sufficient to justify a stay.  The Rules of Procedure of the JPML expressly provide that "[t]he pendency of a motion . . . before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." J.P.M.L. R. P. 2.1(d).  Accordingly, "[a] court is not deprived of its jurisdiction or otherwise limited in its ability to proceed with a case merely because a party has filed a motion for consolidation with the MDL panel."  *Devore* v. *Prospect Mortg., LLC*, 2013 WL 5503022, at *1 (N.D. Cal. Oct. 3, 2013); *see also In re Pradaxa Prod. Liab. Actions*, 2012 WL 2357425, at *2 (S.D. Ill. June 20, 2012) ("[A] district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a party's motion to the Judicial Panel for transfer and consolidation").

When determining whether to grant a stay pending the outcome of an MDL motion, courts weigh three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated.  *Rivers* v. *Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).  Using this framework, courts have exercised their discretion to deny stays and permit pretrial proceedings and motion practice to continue while an MDL Motion is pending before the JPML.  *See, e.g.*, *Ryan* v. *Gencor Nutrients, Inc.*, 2015 WL 729868, at *2 (N.D. Cal. Feb. 19, 2015) (denying motion to stay pending JPML decision because the "Section 1404 motion would aid the JPML in its decision on the Section 1407 motion"); *Smokey Alley Farm P'ship* v. *Monsanto Co.*, 2018 WL 278624, at *2-4 (E.D. Mo. Jan. 3, 2018)

DEFENDANTS UBER TECHNOLOGIES, INC. AND
RASIER, LLC'S OPPOSITION TO MOTION TO STAY         CASE NO. 3:23-cv-01630-AMO

1  (denying motion to stay pending JPML decision because a stay would not achieve any efficiency

2  for plaintiffs or the court, and permitting briefing on motions to dismiss before MDL decision

3  would not prejudice any party); *In re Duke Energy Corp. Sec. Litig.*, 2002 WL 1933798, at *1

4  (S.D.N.Y. Aug. 20, 2002) (denying motion to stay pending JPML decision because "the filing of

5  a motion before the MDL Panel does not require this Court to defer its considerations of the

6  motions" pending before it "or in any other way defer the progress of this case").

7  ### A.    A Stay Will Not Promote Judicial Economy

8      Plaintiff argues that a stay is warranted because, pending the outcome of the MDL Motion,

9  this Court need not "expend its resources on pleadings, pleading motions, and discovery

10  management now when significant changes to the scope and structure of this litigation may be just

11  around the corner."  Plaintiff's Motion to Stay ("Mot.") at 6.  As an initial matter, Plaintiff's

12  argument that continuing to brief Uber's motion to dismiss and motion to transfer venue is

13  somehow wasteful and inefficient is based on her presumption that the JPML will grant the MDL

14  Motion.  But "[a]t this point there is no assurance that the JPML will consolidate all of the relevant

15  cases before a single judge."  *In re Pradaxa Prod. Liab. Actions*, 2012 WL 2357425, at *2.

16      Moreover, if the stay sought is as brief as Plaintiff insists, the only substantive action likely

17  to take place in the absence of a stay will be briefing (and possibly, rulings) on Uber's motion to

18  dismiss and motion to transfer venue.  *See Smokey Alley Farm*, 2018 WL 278624, at *3.  It is

19  unlikely that this action would proceed beyond resolution of these motions in the roughly two-

20  month period before the JPML makes a decision.  There is virtually no possibility that the parties

21  will begin discovery - - let alone the supposedly "duplicative discovery" Plaintiff warns of, Mot.

22  at 3 - - prior to the disposition of the MDL Motion.

23      Moreover, "matters such as motions to dismiss or to remand, raising issues unique to the

24  particular case, may be particularly appropriate for resolution before the Panel acts on the motion to

2  transfer."  Manual for Complex Litigation § 20.131 (4th ed. 2004) at *1.  Indeed, the JPML expects

26  the parties to "pursue alternatives to centralization."  *In re: Uber Technologies, Inc., Passenger*

27  *Sexual Assault Litig.*, MDL No. 3084, Dkt. No. 4 (July 18, 2023). Dismissal, if granted, would render

28  the MDL Motion moot to the extent it seeks to transfer this particular action to the proposed MDL.

DEFENDANTS UBER TECHNOLOGIES, INC. AND
RASIER, LLC'S OPPOSITION TO MOTION TO STAY          CASE NO. 3:23-cv-01630-AMO

1    There is also good reason to continue briefing the motion to transfer prior to the JPML's
2    decision. Centralization in an MDL is "limited to pretrial proceedings only," meaning that cases
3    centralized in an MDL must eventually return to the federal court from which they came. *In re:*
4    *Gerber Probiotic Prod. Mktg. & Sales Pracs. Litig.*, 899 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012).
5    Venue transfer under section 1404(a), on the other hand, "is for all purposes, including trial." *Id.*
6    Thus, resolving a section 1404(a) motion - - *i.e.* determining whether a case belongs in a different
7    federal judicial district than the one in which it was filed - - prior to centralization in an MDL
8    ensures that a case is returned to the appropriate venue when it comes time for trial. Additionally,
9    in the event centralization is granted, "transfer [under section 1404(a)] may allow the Panel to
10   better assess where [the MDL] should be assigned" because "[t]he Panel often considers the
11   location of the majority (or significant minority) of pending actions." *Id.* Although Uber's motion
12   to transfer is currently scheduled for hearing on November 2, 2023, Uber does not object to an
13   accelerated hearing date that allows its motion to transfer to be heard and decided before the JPML
14   reaches a decision on the MDL Motion.

15    Finally, a ruling on Uber's motions would not create any risk of "inconsistent rulings"
16   with actions elsewhere. Mot. at 3. This and all of the other cases that are the subject of the MDL
17   Motion involve individual tort claims, involving varying issues of fact and law, that will be
18   decided under the applicable state law.[1] To the extent any motions to dismiss are decided
19   differently, that would not render them "inconsistent." Different pleadings, facts, and state laws
20   are what will dictate the outcome in each of the individual cases, which are in federal court based
21   on diversity jurisdiction (not federal question jurisdiction). Likewise, the 1404(a) analysis is
22   based in large part on an "individualized, case-by-case consideration of convenience and
23   fairness." *Stewart Org., Inc.* v. *Ricoh Corp.,* 487 U.S. 22, 29 (1988) (citation omitted). To the
24   extent any motions to transfer venue are decided differently, that too would not render them
2    "inconsistent." In short, there are no "inconsistent rulings" to worry about.

26

27   [1] Indeed, as a transportation network company, Uber is regulated on a state-by-state basis and thus
28   carries out its business in compliance with the applicable law and regulations of the state in which
     it is operating.

DEFENDANTS UBER TECHNOLOGIES, INC. AND
RASIER, LLC'S OPPOSITION TO MOTION TO STAY          CASE NO. 3:23-cv-01630-AMO

1    There is thus no reason to refrain from moving this individual case forward while the MDL

2    Motion is pending.  If the JPML denies the MDL Motion, then this Court will have moved this

3    case further along than if it had stayed this action to wait for the JPML's decision.  If the JPML

4    grants the MDL Motion after Uber's motion to dismiss has been granted, the case will not

5    unnecessarily consume the resources of the MDL transferee court.  If the JPML grants the MDL

6    Motion after Uber's motion to transfer venue has been granted, the case will join the MDL from

7    the appropriate home district (and return to that district for trial).  And if the JPML grants the

8    MDL Motion before this Court decides Uber's motions, the parties will not need to re-brief the

9    unique factual issues underlying Uber's motions and Plaintiff's pleading in the MDL.

10   **B.    A Stay Will Prejudice Uber, While Denying A Stay Will Cause No Injustice to
11          Plaintiff**

12   In moving to stay the conclusion of briefing on Uber's motions, Plaintiff seeks to

13   prematurely treat this case as if it has been centralized when it has not.  There is simply no

14   justification for bringing progress in this case to a halt simply because Plaintiff has *requested*

15   discretionary transfer to an MDL.  Where, as here, "granting the stay prejudices the non-movant,

16   the movant must clearly demonstrate [that] hardship or inequity" would result from denying the

17   stay.  *Republic of Venezuela ex rel. Garrido* v. *Philip Morris Cos., Inc.*, 1999 WL 33911677, at

18   *1 (S.D. Fla. Apr. 28, 1999).

19   Plaintiff fails to articulate any hardship justifying a stay.  Instead, Plaintiff claims that "it

20   would be a colossal waste" of resources to respond to "multiple motions" before the JPML

21   reaches a decision.  Mot. at 5.  For the reasons discussed above, responding to Uber's motions to

22   dismiss and to transfer venue would be efficient, not wasteful.  To the extent Plaintiff's counsel

23   is concerned about multiple deadlines across multiple cases, Uber has repeatedly offered her

24   more time to respond to such motions.  That Plaintiff's counsel wishes to seek relief from pending

2    deadlines just as her filing deadlines come due - - and only *after* Uber had diligently prepared

26   and filed responsive briefing in this and other cases - - merely highlights counsel's transparent

27   strategy to use the mere possibility that there *might* be an MDL in the future as a shield to avoid

28   any progress in these cases toward resolution in the meantime.  That is no justification for a stay.

1

**IV.     CONCLUSION**

2                For the reasons stated above, Uber respectfully requests that this Court deny

3    Plaintiff's motion to stay proceedings pending the JPML's ruling on Plaintiff's MDL Motion.

4

5    DATED:  August 2, 2023                    **PAUL, WEISS, RIFKIND, WHARTON &**
                                                **GARRISON**
6

7                                              By:     */s/ Randall S. Luskey*
                                                       RANDALL S. LUSKEY
8                                                      ROBERT ATKINS

9
                                               *Attorney for Defendants*
10                                             UBER TECHNOLOGIES, INC.
                                               and RASIER, LLC
11

12

13

14

15

16

17

18

19

20

21

22

23

24

2

26

27

28

DEFENDANTS UBER TECHNOLOGIES, INC. AND
RASIER, LLC'S OPPOSITION TO MOTION TO STAY          CASE NO. 3:23-cv-01630-AMO